THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BARONESS ANNE M. VON OTTER, Defendant.

City Court of New Rochelle, July 30, 1952.

*Aaron Simmons, Corporation Counsel (John A. Bodmer* of counsel), for plaintiff.

*Albert F. Bender, Jr., Special Assistant to the Secretary-General, United States Mission to the United Nations,* for defendant.

MURPHY, J. An information has been filed with and presented to this court charging the defendant above named with having violated the provisions of the Traffic Code of the City of New Rochelle by willfully and unlawfully parking her motor vehicle in violation of the code provisions. On arraignment the defendant has entered a plea of absolute and unconditional immunity to which she claims to be entitled as the wife of Baron Goran von Otter, Counselor of Legation of the Swedish Delegation to the United Nations.

This question of immunity was first presented for decision to this very court before Honorable SOL RUBIN, the then Acting City Judge, in the matter of the *County of Westchester* v. *Ranollo,* decided November 8, 1946 (187 Misc. 777), the chauffeur of the Honorable Trygve Lie, Secretary General of the United Nations, who claimed such immunity for himself when charged with violating the Vehicle and Traffic Law on a county highway within this city.

Judge RUBIN in reviewing the pertinent treaties and Congressional acts in the *Ranollo* case (*supra*) held that under the then terms there was no such right of absolute immunity and the determination of a question of fact was necessary in each case before the claim of immunity could be allowed. The court in the *Ranollo* case then made the following recommendations (pp. 781–782) : "This court feels strongly that the question of immunity under these circumstances should be entrusted not to the whim or caprice of any individual or committee that might speak for the United Nations Organization, but rather that such immunity should be available only when it is truly necessary to assure the proper deliberations of the Organization — a circumstance that could be readily brought about if the granting of immunity were restricted to those cases where our own State Department certified that the exemption from prosecution or suit was in the public interest."

Thereafter, and apparently conforming to the suggestions so made, the Congress enacted Public Law 357, 80th Congress (61 U. S. Stat. 756, 763), which, among other things, provides by section 15 thereof, that the limited category of United Nations personnel therein specifically identified, " shall * * *

be entitled in the territory of the United States to the same privileges and immunities, subject to corresponding conditions and obligations, as it accords to diplomatic envoys accredited to it.''

In pursuance of the new legislative approach to the problem a specific list of United Nations personnel is recognized by the Department of State as entitled to diplomatic privileges and immunities under the provisions of Public Law 357 and identification cards have been issued by the Department of State to the delegation officers and personnel so specifically listed.

The defendant in this case as the wife of Baron von Otter has been so specifically certified, and therefore is unquestionably entitled to diplomatic privileges and immunities under Public Law 357. The plea is accordingly entertained, the proceeding is dismissed and the defendant is discharged.