Clarence B. Van Horn, J.
The defendant was stopped on the New York State Thruway in the Town of Herkimer, County of Herkimer, and State of New York, by Trooper J. É. Smith of the New York State Police, Schuyler Thruway Detail, on the 3rd day of November, 1959. The defendant was issued uniform traffic ticket number 99607 charging him with the infraction of speeding in violation of article 4 (§ 2, subd. a) of the New York State Thruway Bules and Begulations (N. Y. Off. Comp, of Codes, Buies & Begs. [11th Off. Supp., p. 468]) and, further, requesting the defendant’s appearance before me on that day. Trooper Smith provided the defendant with an “Application and Waiver — Traffic Infractions” (New York State Police Form TB-10).
Documents shown the trooper by the defendant indicated that the vehicle he was operating was duly registered, in the Province of Ontario, Canada, to Lambartus Nicodemus Palar. The defendant informed the trooper that His Excellency Lambartus Nicodemus Palar was the Indonesian Ambassador to Canada; that the defendant was employed by such Ambassador as a chauffeur; and that, at the time in question, was on official business. The defendant further informed Trooper Smith that he was coming from the United Nations Headquarters in New York City to the Indonesian Embassy in Ottawa, Canada; that his passenger, while not his employer, was a person of high diplomatic standing in the United Nations; and that he, in light of all these representations, claimed diplomatic immunity from prosecution in this State.
The defendant neglected to send me the waiver issued to him by Trooper Smith, nor did the defendant make an appearance in this court. On the basis of an information laid before me by Trooper Smith on the 3rd day of November, 1959, Henry D. Blumberg, Esq., Assistant District Attorney of Herkimer County, requested that a warrant issue for the arrest of the defendant. Such warrant was issued by me on November 24, 1959. In deference to the position of the defendant’s employer, *305 Mr. Blumberg did not forward the warrant to a peace officer for execution, but, instead, wrote His Excellency, the Indonesian Ambassador, explaining that a warrant had been issued. On November 27, 1959 the Assistant District Attorney was contacted by the Honorable Robert E. White, Counsel to the American Ambassador, Ottawa, Canada, who informed him that while His Excellency, the Indonesian Ambassador, believed his chauffeur entitled to diplomatic immunity, the defendant would submit to the jurisdiction of this court and I now have before me defendant’s duly executed and properly notarized “ Application and Waiver ” (supra).
While receipt of such an application may make any discussion of the merits of this case academic, I believe my discretion in accepting or rejecting such an application under the provisions of section 335 of the Code of Criminal Procedure warrants a brief statement of my reasons for accepting this particular defendant’s application.
Diplomatic immunity is covered by section 25 of the Penal Law (see, also, U. S. Const., art. Ill, § 2). That section, in its entirety, reads as follows: ‘ ‘ Ambassadors and other public ministers from foreign governments, accredited to the president and government of the United States, with their secretaries, messengers, families and servants, are not liable to punishment in this state, but are to be returned to their own country for trial and punishment.” (Emphasis supplied.) His Excellency, the Indonesian Ambassador to Canada, is not so accredited and, therefore, his servants are not entitled to be excepted from punishment.
Neither can the defendant claim diplomatic immunity on the ground that he was driving, at the time, for an official of the United Nations. This question has previously come before a court of this State. In County of Westchester v. Ranollo (187 Misc. 777 [City Court of New Rochelle, 1946]) Ranollo, a United Nations chauffeur, claimed exemption from prosecution on a charge of speeding on the basis of his employment. The court refused to grant such immunity even though, at the time of the chauffeur’s arrest, he had as a passenger the Honorable Trygve Lie, the then Secretary-General of the United Nations.
Safety on the public highway, particularly a high-speed superhighway of the Thruway type, is of paramount importance to the People of the State of New York. It is impossible for any government to grant any kind of immunity from property damage, injury, or death to any person using our highways. The responsibility for the safety of a public highway rests almost entirely upon those using it; the chauffeur to His Excellency, *306 the Indonesian Ambassador to Canada, shares a part of that responsibility.
This court, under the authority of section 335 of the Code of Criminal Procedure, accepts the application of the defendant, Philippe Roy, Jr., and thereupon sentences him to pay a fine of $25.