UNITED STATES of America

v.

Ivan Dmitrievich EGOROV, and Aleksandra Egorova, Defendants.

No. 63–CR–314.

United States District Court
E. D. New York.

Oct. 7, 1963.

William W. Kleinman, Brooklyn, N. Y., for defendants for the motion.

Joseph P. Hoey, U. S. Atty., for the United States in opposition.

RAYFIEL, District Judge.

On July 15, 1963 a two-count indictment was filed herein. Count 1 thereof charges that from in or about March, 1957, and continuously thereafter up to and including the date of the filing there-

of, the defendants, in violation of Section 794(c) of Title 18 United States Code, unlawfully, knowingly and wilfully conspired and agreed with certain named and unnamed officials of the Soviet Military Intelligence, all co-conspirators, but none named as a defendant therein, and with divers other persons, to violate Section 794(a) of said Title, by agreeing to communicate, deliver and transmit to a foreign government, the Union of Soviet Socialist Republics, or to representatives or agents thereof, information relating to the national defense of the United States, with intent or reason to believe that it would be used to the advantage of said foreign government.

Count 2 thereof charges that in or about and between the same dates, in Moscow, in the District of Columbia and Maryland, and elsewhere, the defendants, not being diplomatic or consular officers or attachés of a foreign government, in violation of Section 371 of said Title, conspired with various named and unnamed officials of the Soviet Military Intelligence, all co-conspirators, but none named as a defendant therein, to violate the provisions of Section 951 of said Title.

The defendants Ivan Dmitrievich Egorov, also known as Ivan D. Yegorov (Egorov), and Aleksandra Ivanovna Egorova, also known as Alexandra I. Egorova (Egorova), have moved for an order dismissing the indictment against them (1) on the ground that the defendant Ivan Egorov is a diplomat of a foreign government, the Union of Soviet Socialist Republics (U.S.S.R.), and, hence, that he and Aleksandra Egorova, who is his wife, are immune from arrest and prosecution under the Law of Nations, and (2) the further ground that, pursuant to Article III, Section 2, Clause 2 of the Constitution of the United States, the Supreme Court of the United States has original and exclusive jurisdiction of all cases involving persons with diplomatic status, and, accordingly, this Court is without jurisdiction in the matter.

*Point 1*

The defendants base their claim on the fact that the U.S.S.R., exercising its right as a sovereign power, invested Egorov with immunity by issuing to him a diplomatic passport (Exhibit No. 3) wherein he was designated as First Secretary of the Ministry of Foreign Affairs; that subsequently he presented the same at the United States Embassy at Moscow, where he made application for a visa in order to obtain entry into the United States, stating his aforementioned diplomatic rank, and expressing his intention to enter the United States to accept a post in the Personnel Office of the United Nations; and that on September 23, 1960 the said Embassy issued to the defendants and their son, Michael, non-immigrant visas to secure their entry into the United States. They contend that this, without more, clothes them with the diplomatic immunity which precludes their arrest and prosecution. I disagree. The visa issued to Egorov was not a diplomatic visa but a G–4 visa, which is issued to officers and employees of international organizations, and bore the notation "Employee of U. N. Secretariat." A diplomatic visa is defined by Section 1101(a)(11) of Title 8 U.S. Code, as a "nonimmigrant visa *bearing that title and issued to a nonimmigrant in accordance with such regulations as the Secretary of State may prescribe.*"

The issuance to Egorov of a diplomatic passport is not controlling of his status. The title of "First Secretary of the Ministry of Foreign Affairs" would entitle him to diplomatic immunity provided that he had been accepted and recognized as such by the United States. Section 252 of Title 22 U.S.Code, grants immunity from arrest only to those ambassadors or public ministers of foreign states who have been *"authorized and received as such by the President."*

Hon. Angier Biddle Duke, Chief of Protocol, United States Department of State, is responsible for registering and maintaining his Department's records respecting the official status of all officers

and employees of foreign governments in this country who are entitled to diplomatic immunity pursuant to Section 252, supra, or to the agreement between the United States and the United Nations concerning the Headquarters of the United Nations. He is responsible also for registering and maintaining his Department's records concerning representatives in or to international organizations and officers and employees thereof who are entitled to the privileges, exemptions and immunities granted by Sections 288–288f of Title 22 of said Code. Hon. Dean Rusk, Secretary of State, has certified (Exhibit No. 2) that Mr. Duke's acts as Chief of Protocol are entitled to full faith and credit. As appears from said Exhibit No. 2 Mr. Duke has certified that a diligent search of his records has disclosed "no record which would indicate that Ivan Dmitrievich Egorov * * * is or ever has been notified to and recognized by the Department of State in any capacity which would entitle him to diplomatic immunity pursuant to the above-mentioned Sections 252–254 of Title 22 of the United States Code."

He further certified that his records do not reflect that Egorov "is, or ever has been, the principal resident representative of a Member of the United Nations under Section 15(1) of the Headquarters Agreement, or that his name was ever notified to or accepted by the Department of State as a member of the staff of such a representative under Section 15(2) of that agreement," and that "the only records ever received in the Department of State regarding the said Mr. Egorov list him as an *employee* of the United Nations Secretariat, entitled to the privileges and immunities granted by Sections 288–288(f) of Title 22 of the United States Code." (Emphasis mine.)

The said series of sections constitute the "International Organizations Immunity Act." Section 288d (b) thereof provides that "Representatives of foreign governments in or to international organizations (the United Nations became one by Executive Order of the President) and officers and employees of such organizations shall be immune from suit and legal process *relating to acts performed by them in their official capacity and falling within their functions as such representatives, officers, or employees * * *."* The limitation created by the underscored provisions of the said Section precludes Egorov from claiming general immunity. United States v. Melekh, D.C., 190 F.Supp. 67. Article 105 of the United Nations Charter, 59 Stat. 1053, urged by Egorov as a further basis for his claim of immunity, provides that representatives of the members of the organization and officials thereof shall enjoy such privileges and immunities *as are necessary to the independent exercise of their functions in the Organization.* Egorov, as hereinabove stated, was an employee of the United Nations, from which he received his compensation for services rendered. His duties and functions were entirely non-diplomatic in character. *Employees* of the United Nations are separate and distinct from persons designated by foreign governments to serve *as their foreign representatives* in or to the United Nations, United States v. Melekh, supra. His duties and functions in the Personnel Section of the United Nations did not, of course, contemplate or include such acts as those charged in the indictment herein.

To argue that despite the absence of acceptance and recognition of his claimed diplomatic status Egorov is entitled to diplomatic immunity is to deny this government its sovereign right to pass upon the acceptability to it of diplomatic representatives of foreign governments.

The well established principles respecting diplomatic immunity enunciated in the case and textbook authorities cited in support of the defendants' motion are wholly inapplicable to the instant case.

### As to Point 2

Inasmuch as Egorov, for the reasons hereinabove stated, does not have diplomatic status, he does not come with-

in the purview of Article 3, Section 2, Clause 2 of the Constitution of the United States, which gives the Supreme Court original and exclusive jurisdiction in all cases affecting Ambassadors, other public Ministers and Consuls.

Accordingly, the defendants' motion is in all respects denied.

Settle order on notice.