UNITED STATES of America

v.

Ivan Dmitrievich EGOROV, a/k/a Ivan D. Yegorov, Aleksandra Ivanovna Egorova, a/k/a Alexandra I. Egorova, John Doe, a/k/a Robert Keistutis Baltch, a/k/a Robert Baltch, and Jane Doe, a/k/a Ann Garber, a/k/a Joy Ann Baltch, a/k/a Joy A. Baltch.

UNITED STATES of America

v.

Alexandre SOKOLOV, also known as Robert Keistutis Baltch, Robert Baltch and James Oliver Jackson, Jane Doe, also known as Joy Ann Garber, Joy Ann Baltch, Joy A. Baltch and Bertha Rosalie Jackson, Defendants.

Nos. 63–CR–314, 63–CR–526.

United States District Court
E. D. New York.

July 29, 1964.

See also 34 F.R.D. 130.

Edward Brodsky, New York City, for the Motion.

Joseph P. Hoey, U. S. Atty., and Stephen Lowey, Asst. U. S. Atty., in opposition.

RAYFIEL, District Judge.

The original indictment herein, filed on July 15, 1963, contains two counts, the first of which charges the defendants with conspiring and agreeing with certain named and unnamed officials of the Soviet Military Intelligence, not named as defendants, to communicate and transmit to the Union of Soviet Socialist Republics (U.S.S.R.) or its representatives information relating to the national defense of the United States, in violation of Section 794(c) of Title 18 of the United States Code. Count 2 thereof charges that in violation of Section 371 of said Title the defendants, none being a diplomatic or consular officer or attache of a foreign government, conspired with various named and unnamed officials of the Soviet Military Intelligence, not named as defendants, to violate the provisions of Section 951 of said Title by acting as agents of the U.S.S.R. without prior notification of the Secretary of State of the United States.

Peter Egorovich Maslennikov and Aleksei Galkin, named in said indictment as co-conspirators but not as defendants, left the United States on May 3 and May 10, 1963 respectively.

On September 9, 1963 the defendants Egorov and Egorova, his wife, moved to dismiss the indictment against them on the grounds (1) that he was a diplomat of a foreign government and, hence, that he and his wife were immune from arrest and prosecution, and (2) and since

he was a diplomat this Court was without jurisdiction under the provision of Article III, Section 2, Clause 2 of the Constitution of the United States, which reserves original and exclusive jurisdiction over diplomatic representatives in the United States Supreme Court. On October 11, 1963 an order was entered herein denying that motion, D.C., 222 F.Supp. 106.

On the same day, and following an agreement entered into between the Government of the United States and the U.S.S.R., Hon. Joseph P. Hoey, United States Attorney for this District, moved before Chief Judge Zavatt for an order dismissing without prejudice the indictment against the Egorovs. The motion was granted upon condition that the said defendants "immediately leave the jurisdiction of the United States upon the first available aircraft departing from the jurisdiction of the United States." The order thereon, dated October 11, 1963. provided that it "shall not become effective until duly filed with the Clerk of this Court." The Egorovs left the United States, and the jurisdiction of this Court on October 11, 1963 and the said order was filed on October 14, 1963.

Thereafter counsel for the Baltches sought the cooperation of the U.S.S.R. through its embassy here in obtaining the testimony of Maslennikov, Galkin and the Egorovs, but was informed that the Soviet Government would deny his request for leave to question Soviet citizens.

On or about October 31, 1963 the Baltches moved under Rule 15, of the Federal Rules of Criminal Procedure, "for an order to take the depositions, either by open commission, letters rogatory or by any other method directed by the Court," of the Egorovs, Maslennikov and Galkin. Affidavits of the Baltches, submitted in support of the motion, state that they do not know any of the four prospective witnesses, never met them, and never agreed or conspired with them to do anything; further, that they believe that if the said witnesses were questioned they would state that they never met either of the Baltches, do not know them,

and did not conspire with them to violate the statutes referred to in the indictment, or any other law. During the period in which the Court had the said motion under advisement, counsel for the Baltches made further efforts through the Soviet Embassy and our Department of State to obtain permission to take the testimony of said prospective witnesses, but to no avail. On December 20, 1963 this Court made its order granting the Baltches' motion for leave to take the depositions of Maslennikov, Galkin and the Egorovs.

On December 17, 1963 a superseding indictment was filed herein, identical with the aforementioned indictment except for the fact that the Egorovs were named as co-conspirators but not as defendants.

The defendants Baltch now move to dismiss both indictments on the ground that the Government "has placed prospective witnesses who could have given material testimony beneficial to the defendants beyond the jurisdiction of the Court without notice to the defendants." They claim that without such testimony, which has "effectively been suppressed by the Government, it will be impossible for the defendant to obtain a fair trial."

They contend that for some time prior to October 11, 1963 the Government's representatives knew that the Egorovs would not go to trial, and that if they, the Baltches, had had reasonable notice of the Government's proposed action in moving to dismiss the charges against the Egorovs they could and would have moved under Rule 15, supra, to take their depositions. That claim lacks validity since the Egorovs, until October 11, were defendants, and could not have been compelled to submit to the taking of their depositions. Further, under all of the concomitant facts and circumstances, there is little likelihood that they would or could have been any more cooperative while here than they were in declining or failing to answer the letters rogatory directed to them, as hereinafter appears. But, quite apart from those considerations, the defendants concede, as they must, that the Egorovs' depositions could not have been taken while they were in

the United States because it could not then have been shown, as required by Rule 15, supra, that they would be unable to attend the trial.

The Baltches have offered nothing to support their claim that the Government, after learning of the membership or involvement of Maslennikov and Galkin in the conspiracy, was instrumental in their departure from the United States, thereby placing them beyond the jurisdiction of this Court and making their testimony unavailable. The fact is that Maslennikov and Galkin, as appears from the certificates of Hon. George W. Ball, Acting Secretary of State, and Hon. William J. Tonesk, Deputy Chief of Protocol, U. S. Department of State, were entitled to diplomatic immunity pursuant to Sections 252–254 of Title 22, United States Code, and Section 15 of the agreement between the United States and the United Nations, Maslennikov as First Secretary of the Permanent Mission of the U.S.S.R. to the United Nations, and Galkin as a First Secretary of the Permanent Mission of the Byelorussian Soviet Socialist Republic to the United Nations. Furthermore Maslennikov and Galkin, as hereinabove stated, left the United States early in May, 1963, more than two months prior to the filing of the indictment herein, and, hence, their depositions could not have been taken. They and the Egorovs are probably presently domiciled in Russia, and under the control of the Soviet authorities.

The defendants claim that "[T]he action of the Government in placing prospective witnesses beyond the Court's jurisdiction with testimony vital to the defendant is, in effect, a suppression of evidence." They rely in the main on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, United States v. Consolidated Laundries Corp., 2 Cir., 291 F.2d 563, and Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, to support that position.

Brady v. Maryland is entirely inapposite. That case involved the actual *suppression* of *favorable* evidence. In the instant case there is no evidence whatsoever that the Government suppressed any evidence; nor has any proof been offered that the testimony of the persons to whom the letters rogatory were directed would have been favorable to the defendants. In Brady v. Maryland the Government had suppressed the confession of Brady's co-defendant, wherein he admitted that he had personally killed the deceased, evidence which could have had a material effect on the punishment imposed upon Brady.

Roviaro v. United States, too, is inapposite. That case involved the refusal of the Government to disclose the identity of an informer in a narcotics prosecution, information which was in the possession and control of the Government. The Court there held that where such information is relevant, and *may* be helpful to an accused's defense, or is essential to a fair trial, as it there found to be the case, the Government's privilege to withhold disclosure must give way.

In United States v. Consolidated Laundries Corp. there *was* suppression, albeit not wilful and deliberate. In the instant case there is no proof of the suppression of evidence or even the existence thereof. The remaining cases cited by the defendants are either impertinent or distinguishable.

In affidavits of the Baltches, verified November 4, 1963, and submitted in support of the motion, each says: "I believe that if each of the four persons referred to above (Maslennikov, Galkin and the Egorovs) were questioned, his or her truthful testimony would be that they do not know me, they never met me and they never agreed or conspired with me to commit the crimes charged in the indictment or to do anything else." (Matter in parenthesis added).

The aforementioned letters rogatory, sent to the appropriate judicial authority in the U. S. S. R., were returned unanswered. On the argument of the motion herein the United States Attorney volunteered to stipulate that Maslennikov, Galkin and the Egorovs, if they were called as witnesses, would testify *substantially* to the effect anticipated by the Baltches

in their aforementioned affidavits of November 4, 1963, without, however, conceding the truth of such testimony. That oral offer was confirmed, *in substance*, by letter of the United States Attorney to Edward Brodsky, Esq., attorney for the Baltches, dated June 15, 1964.

Furthermore, it should be noted that the indictment charges that the Baltches conspired with their co-defendants *and* with other named *and unnamed* members of the Soviet Military Intelligence to commit the acts described in the indictment. The Government, of course, is not required to establish that all the members of the alleged conspiracy conspired *together* or that they knew each other.

Accordingly, the defendants' motion is denied. Settle order on notice.