OPINION OF THE COURT
Betty W. Ellerin, J.
Defendant moves for dismissal of the complaint charging him with assault in the third degree (Penal Law, § 120.00) and resisting arrest (Penal Law, § 205.30) on the ground that he "is a person who has international diplomatic immunity and as such the court lacks jurisdiction”.
The relevant facts underlying the charges arose on July 29, 1977, when defendant, who was then working at his office in the United Nations Building at about 10:00 p.m., received a telephone call from his wife advising him of the uninvited presence of complainant in their apartment and her refusal to leave despite requests that she do so. Defendant then left his office and returned home where a scuffle with complainant ensued resulting in the arrival of the police to place defendant under arrest for assault and his resistance to such arrest.
Defendant contends that a dismissal is mandated in this case because he is insulated from prosecution by the cloak of diplomatic immunity and, further, because this court lacks jurisdiction over the subject matter which, according to defendant, constitutes the commission of a Federal crime by the *410 complainant. In regard to the latter argument, it may be noted that defendant has pressed a cross complaint against complainant in this court and has also made a formal complaint'to the United States Attorney’s office against her apparently under section 112 of title 18 of the United States Code.
At the outset, it is essential to establish the precise status occupied by defendant in this country. It is uncontradicted that he is a Tanzanian national who is employed by the United Nations at its headquarters in New York in the capacity of Economic Affairs Officer, Economic Affairs Section, Centre for Natural Resources, Energy, and Transportation. While defendant is concededly sponsored for this position by the Government of Tanzania, he holds no other diplomatic position on behalf of the Government of Tanzania, has never been issued a diplomatic passport and he resides in the United States under a G4 visa which is issued to international civil servants. Thus, it is clear that defendant’s status is solely that of an employee of the United Nations with whatever rights and immunities may inure to him by virtue of that position.
The controlling authorities are set forth in article 105 of the United Nations Charter (59 US Stat 1053), of which the United States is a signatory, and in the International Organizations Immunities Act (US Code, tit 22, § 288d, subd [b]) which was enacted in 1945 to implement the immunities provisions embodied in the United Nations Charter and was made applicable to that organization by Executive Order No. 9698 of February 19, 1946. (US Code Cong Serv, 1946, p 1771.)
Article 105 of the United Nations Charter provides that:
"1. The Organization shall enjoy in the territory of each of its Members such privileges and immunities as are necessary for the fulfillment of its purposes.
"2. Representatives of the Members of the United Nations and officials of the Organization shall similarly enjoy such privileges and immunities as are necessary for the independent exercise of their functions in connection with the Organization(Emphasis added.)
Subdivision (b) of section 288d of title 22 of the United States Code states that: "Representatives of foreign governments in or to international organizations and officers and employees of such organization shall be immune from suit and legal process relating to acts performed by them in their official capacity and falling within their function as such representatives, officers, or employees except insofar as such *411 immunity may be waived by the foreign government or international organization concerned.” (Emphasis added.)
The underscored language clearly delineates the perimeters of the immunity applicable to defendant, as an employee of the United Nations. It is limited in scope and purpose to protection for acts committed by United Nations officials in the course of accomplishing their functions as United Nations’ employees in distinction to the unlimited form of immunity traditionally accorded to diplomats. (See United States v Melekh, 190 F Supp 67; People v Weiner, 85 Misc 2d 161.)
While defendant asserts that the statutory immunity under subdivision (b) of section 288d applies in this instance because complainant did in fact obstruct him "in the performance of his duties”, an analysis of the facts in this case, in the most liberal perspective possible, fails to demonstrate any basis whatsoever upon which to conclude that defendant was acting in his official capacity or that there was some reasonable relationship between the alleged altercation and defendant’s United Nations employment. On the contrary, the acts underlying the charges took place away from defendant’s office when he returned home in response to. his wife’s call concerning an unwanted visitor whose presence at defendant’s residence has not been shown to have been in any way connected with defendant’s employment. The defendant’s acts took place wholly within the context of a personal, domestic matter and as such are outside the scope of the limited immunity to which he is entitled as a United Nations employee. The tenuous circumstance that he was at his office when he received his wife’s call affords no rational basis for holding that his subsequent acts of violence in ejecting complainant and in resisting arrest were in some way related to the purposes of the United Nations or to the performance or fulfillment of defendant’s duties and functions as an Economic Affairs Officer of that organization. (See United States v Egorov, 222 F Supp 106; County of Westchester v Ranollo, 187 Mise 777.)
Nor is there merit to defendant’s argument that this court lacks jurisdiction over the subject matter herein because such jurisdiction is vested solely in the Federal courts. In support of this contention defendant points to the fact that, under his version of the incident, complainant is chargeable with a violation of the Federal law (i.e., US Code, tit 18, § 112, subds [a], [b]) which provides for the imposition of criminal *412 penalties for injury to the person or property of a foreign official, including trespass upon the residence of such official. It is apparently defendant’s position that if he initiates charges against complainant under such statute, he is thereby rendered immune from criminal prosecution for any acts committed against complainant, however egregious. Aside from the fact that defendant does not fall within the category of "foreign official” covered by the statute, he seriously misapprehends its scope and purpose. The statute is designed to provide foreign officials with a protective shield against harm by imposing severe criminal penalties upon those who would interfere with such foreign officials in the performance of their functions and duties. There is no language whatsoever in subdivisions (a) and (b) of section 112 of title 18 which deals with the granting of immunity or which can give rise to a construction of the statute permitting it to be converted into a sword authorizing the perpetration of criminal acts with impunity by those whom the statute seeks to protect. (See Legislative History of the Act For The Prevention and Punishment of Crimes Against Internationally Protected Persons, 90 US Stat 1997, US Code Cong & Admin News, vol 4, p 4480 [1976).) The purpose of this legislation is simply to deal with the protection of diplomatic officials by preventing and discouraging crimes against such persons. Any immunities from prosecution which they or other persons may enjoy derive from other statutory provisions. Insofar as defendant is concerned the controlling statute is subdivision (b) of section 288d of title 22 which, as has already been discussed, affords him only the limited diplomatic immunity applicable to a United Nations employee, an immunity which in no way proscribes the instant prosecution. It is undoubtedly in recognition of the limited scope of section 288 of title 22 that defendant seeks to create a more expansive immunity by a strained and distorted interpretation of section 112 of title 18. Significantly, defendant has submitted no authority whatsoever in support of such untenable construction of that statute.
The speciousness of defendant’s argument that this court lacks subject matter jurisdiction is further emphasized by the fact that a cross complaint has been brought by defendant against complainant in this court with respect to the incident which is the subject of the instant case. Clearly, defendant cannot on the one hand argue lack of jurisdiction over the subject matter to his own advantage while he is on the other *413 hand actively affirming that jurisdiction, again in his own self-interest. (See People v Weiner, 85 Misc 2d 161, supra.)
Accordingly, defendant’s motion to dismiss on the ground of diplomatic immunity is in all respects denied.