OPINION OF THE COURT
Ascher Katz, J.
An official court notification was directed to a government *790 member of the United Nations for repeated violations of no parking restrictions on East Hartsdale Avenue in the Town of Greenburgh by the same Cadillac bearing diplomatic license plates. Twelve violations over a nine-month period were cited and payment of the original fine would be allowed until a day certain, after which the fine was to be increased.
Following this official notification, a form letter from the United States Mission to the United Nations over the signature of the Advisor, International Organization Affairs, was received by the court. In substance, the letter stated that the diplomatic plate was registered to a member of a permanent mission to the United Nations and "was used on official business when violations occurred”. It further stated that the aforesaid mission was listed and recognized by the Department of State to "be a person entitled to immunity from suit and legal process under Section 7B of Public Law 291, 79th Congress. This Public Law has the force and effect of a treaty according to an opinion of the United States Attorney General.”
The letter requested that in conformity with the above-mentioned international obligation and under international comity, that the proceedings against the said mission to the United Nations be dropped.
Hartsdale Avenue in the Town of Greenburgh is a busy thoroughfare vital to the life of the community. Its numerous apartment houses abut the street and citizens are required to park in certain restricted areas and no other. The parking is generally metered. Parking garages are provided for which citizens pay significant parking fees. Hartsdale Avenue is a swollen artery connecting the Hartsdale railroad station on one end with Four Corners, which is the intersection of East Hartsdale Avenue with Central Avenue in Greenburgh, at the other. For many, many years, traffic has been delayed because of this enormous volume. In recent years, some significant corrective measures have been taken to alleviate the situation. The physical layout of the intersection has been changed with some good effect. In conjunction with this physical change, parking regulations have been promulgated by the town in an effort to provide the residents of the town and visitors with as much free and quick access as circumstances would permit.
The court is now faced with the claim by a purported permanent mission to the United Nations performing official duties some 25 miles away from the United Nations headquar *791 ters on the East River in Manhattan. The subject of parking and parking violations vitally affects the public interest and has been a source of grave concern in the City of New York. Apparently the problem is spreading to suburban areas. It cannot be dealt with lightly by this court. Elemental notions of fair play and the health of the community require that any treatment of repeated parking violators should be fair and uniform. Any departure from such treatment should not happen in the absence of some compelling circumstance or clear legal justification.
Title 22 (§ 288d, subd [b]) of the United States Code provides: "Representatives of foreign governments in or to international organizations and officers and employees of such organizations shall be immune from suit and legal process relating to acts performed by them in their official capacity and falling within their functions as such representatives, officers, or employees except insofar as such immunity may be waived by the foreign government or international organization concerned.” (Emphasis supplied.) The legislation has as its purpose the providing of adequate immunity to protect international organizations in the exercise of their functions. The independence of the United Nations would be undermined and its effectiveness greatly hampered, if not destroyed, were not certain immunities and privileges accorded to the organization and its officials and representatives of member States and their staffs. To secure these rights, the United States entered into a "headquarters agreement” as a means of adopting these interests. (61 US Stat 756, reprinted following US Code, tit 22, § 287; see, also, International Organizations Immunities Act, 59 US Stat 669, US Code, tit 28, §§ 288-288L)
Section 15 of Article V of the agreement provides that "[e]very person designated by a Member as the principal resident representative to the United Nations of such Member or as a resident representative with the rank of ambassador or minister plenipotentiary, [and] such resident members of their staffs as may be agreed upon between the Secretary-General, the Government of the United States and the Government of the Member concerned * * * shall, whether residing inside or outside the headquarters district, be entitled in the territory of the United States to the same privileges and immunities, subject to corresponding conditions and obligations, as it accords to diplomatic envoys accredited to it.”
Thus, the basic question is whether, in the light of the *792 headquarters agreement, the parking violation occurred in the person’s official capacity and falling within his or her function as such a representative of a United Nations member.
It appears to be settled that a United Nations ambassador performing tasks within the scope of his position has absolute immunity and the judicial branch of our Government will follow the political branch in dealing with sovereign immunity and will not embarrass the latter by assuming an antagonistic position. (Curran v City of New York, 191 Misc 229.) But prior to the enactment of title 22 (§288d, subd [b]) of the United States Code it was held that a chauffeur of the United Nations is not immune as a member of law from suit and could be prosecuted for speeding; the immunity was limited to personnel exercising a function necessary to the function of the United Nations. (County of Westchester v Ranollo, 187 Misc 777.) After the enactment of title 22 (§ 288d, subd [b]) of the United States Code, a court dismissed, on arraignment, a charge of violating the traffic code of New Rochelle for willfully parking a motor vehicle in violation of a code provision, where the defendant was specifically certified by the Department of State as entitled to diplomatic privileges and immunities under the afore-said law and pursuant to an identification card issued by the Department of State. (People v Von Otter, 202 Misc 901.)
It has been held that whether or not a person is entitled to immunity by reason of the subject agreement is not a political question but a justiciable controversy involving the interpretation of the agreement and its application to the particular fact. (United States ex rel. Casanova v Fitzpatrick, 214 F Supp 425, 433.)
It is clear that foreign representatives to international organizations in the United States are only immune from legal process relating to acts performed by them in their official capacity and falling within their functions as such representatives. (United States ex rel. Casanova v Fitzpatrick, supra; Mpiliris v Hellenic Lines, 323 F Supp 865, affd 440 F2d 1163.) A defendant is not entitled to diplomatic immunity nor to limited statutory immunity under title 22 (§ 288d, subd [b]) of the United States Code when his status was solely that of an employee of the United Nations as a Tanzanian national without diplomatic position and the act took place outside the office at the United Nations. (People v Leo, 95 Misc 2d 408.)
Upon this record, there is insufficient showing that the acts *793 complained of are protected by the headquarters agreement. There is no support for dismissal of this cause merely upon a mimeographed letter from the United States mission to the United Nations.
The mimeographed letter from the United States mission to the United Nations does not indicate the official status of the unknown driver, and at any trial could be properly excluded as hearsay and could not take the place of proof of the facts recited therein. (De Miglio v Paez, 18 Misc 2d 914.) The mimeographed form of the United States mission to the United Nations does not comply with CPLR 4520 nor is there any showing that it is a public document entitled to the common-law exception to the hearsay rule. (See Richardson, Evidence [10th ed], § 342 et seq.)
It is suggested that the Advisor, International Organization Affairs, United States mission to the United Nations, take such steps as are not inconsistent with this opinion. This matter is placed upon the calendar of this court for all purposes for December 7, 1979 at 10:00 a.m.